# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| In re BRIDGESTONE SECURITIES LITIGATION | ) )  ) | Master File No. 3:01-0017 (Consolidated Cases) |
| | ) ) | |
| This Document Relates To: | ) ) | Judge Echols/Magistrate Bryant |
| ALL ACTIONS | ) ) ) | |

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement (the "Stipulation") is entered into among (a) Plaintiff Patricia Ziemer and Intervenor Plaintiff Iowa Public Employees Retirement System ("IPERS") (collectively, "Plaintiffs"), on behalf of themselves and each of the Settlement Class Members, by and through their respective counsel, and (b) Defendants Bridgestone Corporation ("Bridgestone") and Bridgestone Firestone North American Tire, LLC ("Firestone") (collectively "Defendants"), by and through their respective counsel.[1]

The Stipulation is intended to fully, finally, and forever resolve, discharge, and settle the Released Claims, subject to the approval of the Court and the terms and conditions set forth in this Stipulation.

## I.   THE LITIGATION

A.    This action arises from the August 9, 2000 voluntary recall by Bridgestone/Firestone, Inc. of certain ATX, ATX II, and Wilderness AT tires.

B.    On January 4, 2001 and January 21, 2001, respectively, two putative securities class action lawsuits were filed in the United States District Court for the Middle District of

---

[1] Capitalized words or terms have the meaning as set forth below in the "Definitions" section.

Tennessee, Nashville Division, against Defendants and two former individual defendants, Yoichiro Kaizaki and Masatoshi Ono. The actions were styled: *City of Monroe Employees Retirement System v. Bridgestone Corporation, et al.*, No. 3:01-cv-0017; and *Ziemer v. Bridgestone Corporation, et al.*, No. 3:01-cv-0070.

C.      On April 11, 2001, the Court consolidated the actions pursuant to Federal Rule of Civil Procedure 42(a) under Master File No. 3:01-0017. The consolidated actions are referred to collectively as the "Action."

D.      On April 11, 2001, the Court appointed City of Monroe Employees Retirement System as Lead Plaintiff pursuant to section 21D(a)(3)(B) of Securities Exchange Act of 1934 and approved its selection of Coughlin Stoia Geller Rudman & Robbins LLP (Milberg Weiss Bershad Hynes & Lerach LLP at the time) and Barrack Rodos & Bacine as Lead Counsel and Barrett, Johnson & Parsley as Liaison Counsel.

E.      On May 11, 2001, Plaintiffs filed the Consolidated Complaint for Violations of the Securities Exchange Act of 1934 (the "Complaint"), which is the operative Complaint in this Action. The Complaint alleges violations of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder.

F.      On September 17, 2001, Defendants, along with former individual defendants Yoichiro Kaizaki and Masatoshi Ono, moved to dismiss the Complaint on various grounds.

G.      On September 30, 2002, the Court granted the motions to dismiss for failure to state a claim with respect to all defendants, denied Bridgestone's motion to dismiss for lack of personal jurisdiction, and granted Yoichiro Kaizaki's motion to dismiss for lack of personal jurisdiction. Plaintiffs appealed.

2

H.    On February 4, 2005, the United States Court of Appeals for the Sixth Circuit affirmed in part and reversed in part. *City of Monroe Employees Retirement Sys. v. Bridgestone Corp.*, 399 F.3d 651 (6th Cir. 2005). The Sixth Circuit held that Bridgestone was potentially liable for two "effective representations" in its 1999 Annual Report. The Sixth Circuit held that Firestone was potentially liable for one public statement made on August 1, 2000. The Sixth Circuit affirmed the dismissals of Yoichiro Kaizaki and Masatoshi Ono. The Sixth Circuit remanded the Action to the District Court.

I.    On November 7, 2005, in accordance with remand instructions from the Sixth Circuit, Defendants filed supplemental motions to dismiss.

J.    On December 14, 2005, IPERS requested leave to intervene as a named plaintiff pursuant to Federal Rule of Civil Procedure 24.

K.    On May 3, 2006, the Court granted in part Defendants' supplemental motions to dismiss. The Court dismissed the claims of City of Monroe Employees Retirement System because it acquired Bridgestone securities before the first potentially actionable representation. The Court denied Defendants' motions to dismiss the claims of Patricia Ziemer. The Court granted IPERS's motion to intervene.

L.    On June 23, 2006, Defendants answered the Complaint, denying all allegations of liability, asserting affirmative defenses, and demanding judgment on the merits dismissing the Complaint.

M.    On July 26, 2006, Plaintiffs filed a motion for class certification pursuant to Federal Rule of Civil Procedure 23 seeking a class consisting of the following:

> All purchasers of Bridgestone Corporation ("Bridgestone" or the "Company") publicly traded common stock and/or American Depository Receipts ("ADRs") during the period from and including March 30, 2000 to August 31, 2000 (the "Class Period"),

3

and who were injured thereby (the 'Class"). Excluded from the Class are Defendants, any entity in which the Defendants have a controlling interest or that is a parent or subsidiary of or is controlled by the Defendants, and any of the Defendants' officers, directors, employees, affiliates, legal representatives, heirs, predecessors, successors and/or assigns.

N.       On November 27, 2006, Defendants filed written oppositions to Plaintiffs' motion for class certification. Defendants also filed motions to dismiss, in part, for lack of subject matter jurisdiction, arguing that the Court lacked subject matter jurisdiction over Japanese and other foreign investors who purchased Bridgestone common stock on Japanese stock exchanges. Plaintiffs opposed the motions.

O.       The parties have engaged in extensive pretrial discovery, including the production of more than one million pages of documents and transcripts of more than 100 depositions, as well as 20 depositions.

P.       On September 11, 2007, the Settling Parties participated in a mediation with the Honorable Daniel L. Weinstein (Ret.). Counsel for the Settling Parties presented, among other things, their respective views regarding the merits of the Action, including the defenses, the claims, and the damages sought in the Action. At the mediation, the Settling Parties reached an agreement-in-principle to settle the Action and memorialized the essential terms of a proposed settlement shortly thereafter in a Memorandum of Understanding executed on September 18, 2007.

## II.    **THE BENEFITS OF SETTLEMENT**

Plaintiffs believe that the claims asserted in the Action have merit and that the evidence developed to date supports their claims. Plaintiffs recognize and acknowledge, however, the expense and length of continued proceedings necessary to prosecute the Action against Defendants through trial and through appeals. Plaintiffs have taken into account the uncertain

4

outcome and the risk of any litigation, especially in complex actions such as this Action, as well as the difficulties and delays inherent in such litigation. Plaintiffs are mindful of the problems of proof under and possible defenses to the alleged securities law violations asserted in the Action. Plaintiffs believe that the Settlement set forth in the Stipulation confers substantial benefits upon Settlement Class Members, is in the best interests of Plaintiffs and the Settlement Class Members, and is fair, reasonable, and adequate.

Defendants have denied and continue to deny each and all of the claims and contentions alleged by Plaintiffs in the Action. Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action. Bridgestone specifically denies that any representation and/or omission in its 1999 Annual Report was false, misleading, or made with scienter. Firestone specifically denies that the statement that it publicly made on August 1, 2000 was false, misleading, or made with scienter, and further denies that the tires at issue were defective either in design or in manufacture.

Defendants further deny that Plaintiffs and the Settlement Class have suffered damages and that the price of Bridgestone common stock and ADRs was artificially inflated during the Settlement Class Period as the result of any alleged misrepresentations, omissions, or otherwise by Defendants. Defendants have nevertheless concluded that further conduct of the Action would be protracted and expensive. Defendants also have considered the uncertainty and risks inherent in any litigation, especially in complex cases like this Action. Defendants have, therefore, determined that it is desirable and beneficial to them to settle the Action in the manner and upon the terms and conditions set forth in this Stipulation.

5

## III. **TERMS OF STIPULATION AND CONDITIONS OF SETTLEMENT**

NOW, THEREFORE, IT IS HEREBY STIPULATED, CONSENTED, AND AGREED by Plaintiffs, acting on behalf of themselves and all Settlement Class Members, and Defendants, through their respective counsel, that, subject to the approval of the Court, the Action, the Released Claims, and all matters encompassed within the scope of the releases set forth or referenced in this Stipulation shall be finally, fully, and forever compromised, settled, and released, and the Action shall be dismissed with prejudice, as to all Settling Parties upon and subject to the following terms and conditions.

### 1. **Definitions**

As used in this Stipulation, the following terms have the meanings specified below:

1.1. "Action" means *In re Bridgestone Securities Litigation*, Master File No. 3:01-cv-0017 and all actions consolidated therein.

1.2. "ADRs" means American Depositary Receipts.

1.3. "Authorized Claimant" means any Settlement Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.4. "Bridgestone" means Bridgestone Corporation.

1.5. "Claimant" means any Settlement Class Member who files a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

1.6. "Claims Administrator" means such entity approved by the Court, which shall administer the Settlement. It is agreed that Heffler, Radetich & Saitta, LLP will be the Claims Administrator.

1.7. "Complaint" means the Consolidated Complaint for Violations of the Securities Exchange Act of 1934 filed with the Court on May 11, 2001.

6

1.8. "Court" means the United States District Court, Middle District of Tennessee (Nashville Division).

1.9. "Defendants" means Bridgestone Corporation and Bridgestone Firestone North American Tire, LLC.

1.10. "Defendants' Counsel" means Squire, Sanders & Dempsey L.L.P., Jones Day, and Holland & Knight.

1.11. "Defendants' Local Counsel" means Riley Warnock & Jacobson, PLC and Neal & Harwell, PLC.

1.12. "Effective Date" means the date upon which the Judgment becomes Final.

1.13. "Escrow Account" means the interest-bearing account designated by and jointly controlled by Plaintiffs' Lead Counsel into which the Full Settlement Amount shall be deposited.

1.14. "Escrow Agent" means Coughlin Stoia Geller Rudman & Robbins LLP and Barrack, Rodos & Bacine or their respective successors.

1.15. "Final" with respect to the Judgment approving the Stipulation means the later of: (i) the expiration of three (3) business days after the time to file a motion to alter or amend the Judgment under Fed. R. Civ. P. 59(e) has passed without any such motion having been filed; (ii) the expiration of three (3) business days after the time in which to appeal the Judgment has passed without any appeal having been taken (which date shall be deemed to be thirty-three (33) days following the entry of the Judgment, unless the date to take such an appeal shall have been extended by Court order or otherwise, or unless the 33rd day falls on a weekend or a Court holiday, in which case the date for purposes of this Stipulation shall be deemed to be the next business day after such 33rd day); and (iii) if such motion to alter or amend is filed and/or if an appeal is taken, the expiration of three (3) business days after the final determination and

7

disposition of that motion and/or appeal in such a manner as to permit the consummation of the Settlement substantially in accordance with the terms and conditions of this Stipulation. For purposes of this paragraph, an "appeal" shall not include any appeal that concerns only the issue of attorneys' fees and reimbursement of costs or expenses or the Plan of Allocation.

1.16. "Final Approval Hearing" means the hearing held to determine whether the proposed Settlement embodied by this Stipulation is fair, reasonable, and adequate to the Settlement Class, and whether the Court should enter a Judgment approving the proposed Settlement.

1.17. "Firestone" means Bridgestone Firestone North American Tire, LLC.

1.18. "Full Settlement Amount" means Thirty-Million Dollars ($30,000,000).

1.19. "IPERS" means Iowa Public Employees Retirement System.

1.20. "Judgment" means the judgment to be rendered by the Court, substantially in the form and content attached as Exhibit B.

1.21. "Mediator" means retired Judge Daniel L. Weinstein.

1.22. "Notice Order" means the preliminary order as approved by the Court for mailing and publication of notice.

1.23. "Plaintiffs" mean Iowa Public Employees Retirement System and Patricia Ziemer.

1.24. "Plaintiffs' Lead Counsel" means Coughlin Stoia Geller Rudman & Robbins LLP and Barrack, Rodos & Bacine.

1.25. "Plaintiffs' Liaison Counsel" means Barrett, Johnston & Parsley.

1.26. "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association,

government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.27. "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of or provision for expenses of notice and administration of the Settlement; Taxes and Tax Expenses; and such attorneys' fees, costs, expenses, and interest as may be awarded by the Court. Any Plan of Allocation is not part of the Stipulation and Defendants and their Related Parties shall have no responsibility or liability with respect to the Plan of Allocation.

1.28. "Proof of Claim" means a Proof of Claim and Release form substantially in the form and content attached hereto as Exhibit A-2.

1.29. "Related Parties" means each of Defendants' past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, agents, controlling shareholders, attorneys, accountants or auditors, advisors, investment advisors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, related or affiliated entities, and any entity in which a Defendant has a controlling interest.

1.30. "Released Claims" shall collectively mean all claims (including "Unknown Claims" as defined in ¶1.41), debts, demands, rights, actions, causes of action, suits, matters, issues, damages, losses or liabilities whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), asserted or that might have been asserted in the Action or in any other action in any other forum, court, tribunal, or proceeding whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, including both known claims and Unknown Claims arising out of, in connection with,

9

or in any way related to, directly or indirectly, both the purchase or other acquisition of Bridgestone common stock and/or ADRs by Settlement Class Members during the Settlement Class Period and the acts, facts, statements or omissions that were or could have been alleged by Plaintiffs or any Settlement Class Member in the Action. Released Claims does not include claims to enforce the Settlement.

1.31. "Released Parties" means each and all of the Defendants and each and all of their Related Parties.

1.32. "Settlement" means the settlement contemplated by this Stipulation.

1.33. "Settlement Class," "Settlement Class Members," and "Members of the Settlement Class" mean all purchasers of Bridgestone publicly traded common stock and/or ADRs during the period from and including March 30, 2000 to August 31, 2000 and who were damaged thereby. Excluded from the Settlement Class are Defendants, any entity in which the Defendants have a controlling interest or that is a parent or subsidiary of or is controlled by the Defendants, Defendants' officers, directors, and employees, including any person who was an officer, director, or employee during the Settlement Class Period, affiliates, legal representatives, heirs, predecessors, successors and/or assigns. Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class.

1.34. "Settlement Class Period" means the period commencing March 30, 2000 through August 31, 2000, inclusive.

1.35. "Settlement Fund" means the monies paid by Defendants into the Escrow Account pursuant to this Stipulation, that is, the Full Settlement Amount and any accrued interest.

1.36. "Settling Parties" means (a) each of the Defendants, and (b) the Plaintiffs on behalf of themselves and Settlement Class Members.

1.37.  "Stipulation" means this Stipulation of Settlement, including the recitals and exhibits attached hereto.

1.38.  "Supplemental Agreement" means the agreement described in ¶8.2.

1.39.  "Taxes" means all taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund.

1.40.  "Tax Expenses" means expenses and costs incurred in connection with the operation and implementation of the Settlement Fund (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described §2 herein)

1.41.  "Unknown Claims" means collectively any and all claims, demands, rights, liabilities, and causes of action of every nature and description arising out of, in connection with, or in any way related to, directly or indirectly, the purchase and/or other acquisition of Bridgestone common stock and/or ADRs that any Plaintiff or Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Parties which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Parties, or might have affected his, her, or its decision not to object to this Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs shall waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Judgment shall have waived, the provisions, rights and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.**

11

Plaintiffs shall expressly and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

## 2.      The Settlement

### a.      The Settlement Fund

2.1.    Defendants shall pay or cause to be paid the Full Settlement Amount to the Escrow Account not later than 60 days after Plaintiffs' Lead Counsel notifies Defendants' Counsel in writing that the Memorandum of Understanding has been formally approved by

Plaintiffs; that is, by November 23, 2007. Defendants will pay no more than the Full Settlement Amount.

2.2.     All fees, costs, and expenses incurred by or on behalf of Plaintiffs and the Settlement Class associated with this Settlement, including but not limited to any administrative costs and costs of providing notice of the Settlement to Settlement Class Members, and any award of attorneys' fees and expenses of Plaintiffs' Lead Counsel, shall be paid from the Settlement Fund and in no event shall Defendants bear any responsibility for such fees, costs, or expenses.

**b.     The Escrow Agent**

2.3.     The Escrow Agent may invest the Full Settlement Amount deposited pursuant to ¶2.1 in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. The Escrow Agent shall bear all risks related to investment of the Settlement Fund.

2.4.     The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the written agreement of Plaintiffs' Lead Counsel and Defendants' Counsel.

2.5.     Subject to further order and/or direction as may be made by the Court, the Escrow Agent is authorized to execute such transactions on behalf of Settlement Class Members as are consistent with the terms of the Stipulation.

2.6.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such

time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

2.7.    The Escrow Agent may pay from the Settlement Fund, without further approval from Defendants or the Court, the costs and expenses reasonably and actually incurred in connection with providing notice to the Settlement Class, locating Settlement Class Members, soliciting Settlement Class claims, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Proofs of Claim, and paying escrow fees and costs, if any.

**c.    Taxes**

2.8.    (a) Settling Parties agree that the Settlement Fund should be treated as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this section including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)    For the purpose of §468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treas. Reg. §1.468B-2(k)(1)). Such returns (as well as the election described in this ¶2.8) shall be consistent with this section and in all events shall reflect that all Taxes (including any

14

estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.8(c).

(c)     All (i) Taxes arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Defendants with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (ii) Tax Expenses, shall be paid out of the Settlement Fund; in no event shall either Defendants or their counsel have any liability or responsibility for the Taxes or the Tax Expenses. From the Settlement Fund, the Escrow Agent shall indemnify and hold each of the Defendants and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(1)(2)); neither the Defendants; their insurance carriers, if any; nor their counsel are responsible, nor shall they have any liability therefor. The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this section.

### d.    <u>Termination of the Settlement</u>

2.9.    In the event that the Stipulation is not approved, or is terminated, canceled, or fails to become effective for any reason, the Settlement Fund (including accrued interest) less expenses and Taxes actually incurred or due and owing shall be refunded to Defendants pursuant to written instructions from Defendants' Counsel.

### 3.    <u>Certification of the Settlement Class</u>

3.1    Solely for purposes of this Settlement, and subject to approval of the Court, the Settling Parties agree that the Settlement Class shall be certified and Plaintiffs shall be appointed as representatives of the Settlement Class pursuant to Federal Rule of Civil Procedure 23, as set forth in the Preliminary Approval Order. Should the Settlement Class not be certified, or should any court attempt to amend the scope of the Settlement Class, each of the Settling Parties reserves the right to void this Stipulation in accordance with ¶ 8.1 hereto.

### 4.    <u>Notice Order and Final Approval Hearing</u>

4.1.    Promptly after execution of the Stipulation, counsel for Plaintiffs shall submit the Stipulation together with its exhibits to the Court and shall apply for entry of the Preliminary Approval Order, substantially in the form of Exhibit A, requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation, and approval for the mailing of a settlement notice (the "Notice") and publication of a summary notice (the "Summary Notice"), substantially in the form and content of Exhibits A-1 and A-3 attached hereto. The Notice shall include the general terms of the Settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application as defined in ¶6.1 below, and the date of the Final Approval Hearing set forth below.

4.2.	Plaintiffs' Lead Counsel shall request that after notice is given, the Court hold a Final Approval Hearing. At or after the Final Approval Hearing, Plaintiffs' Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

**5.	Releases**

5.1.	Upon the Effective Date, as defined in ¶1.12 hereof, Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim.

5.2.	Upon the Effective Date, Plaintiffs and all Settlement Class Members and anyone claiming through or on behalf of any of them, are forever barred and enjoined from commencing, instituting, or continuing to prosecute any action or any proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind (whether within the United States or not), asserting against any of the Released Parties, and each of them, any of the Released Claims.

5.3.	The Proof of Claim to be executed by Settlement Class Members shall release all Released Claims against the Released Persons and shall be substantially in the form contained in Exhibit A-2 attached hereto.

5.4.	Upon the Effective Date, each of the Released Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Plaintiffs, Settlement Class Members, and counsel to Plaintiffs

from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Action.

6.    **Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

6.1.    The settlement claims process will be administered by an independent claims administrator, selected by Plaintiffs' Lead Counsel and approved by the Court ("Claims Administrator"). The Claims Administrator will be subject to such supervision and direction of the Court and/or Plaintiffs' Lead Counsel as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by Settlement Class Members. The Settlement Fund shall be applied as follows:

(a) to pay all the costs and expenses reasonably and actually incurred in connection with providing notice, locating Settlement Class Members, soliciting Settlement Class claims, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Proofs of Claim and paying escrow fees and costs, if any;

(b) to pay the Taxes and Tax Expenses described in ¶2.8 above;

(c) to pay to Plaintiffs' Lead Counsel attorneys' fees and expenses if and to the extent allowed by the Court (the "Fee and Expense Award");

(d) to pay Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court; and

(e) to distribute the balance of the Settlement Fund, pursuant to Court Order, in accordance with ¶6.7, below.

6.2.    Defendants will have no involvement in reviewing or challenging claims.

6.3. Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following.

6.4. Within ninety (90) days after the mailing of the Notice or such other time as may be set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and as are reasonably available to the Authorized Claimant.

6.5. Except as otherwise ordered by the Court, all Settlement Class Members who fail to timely submit a Proof of Claim within such period, or such other period as may be ordered by the Court, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment. Notwithstanding the foregoing, Plaintiffs' Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Settlement Fund is not materially delayed thereby.

6.6. The Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with a Plan of Allocation to be described in the Notice and approved by the Court.

6.7. This is not a claims-made settlement and, if all conditions of the Stipulation are satisfied and the Settlement becomes Final, no portion of the Settlement Fund will be returned to the Defendants. The Defendants and their Related Parties shall have no responsibility for,

interest in, or liability whatsoever with respect to the distribution of the Settlement Fund; the Plan of Allocation; the determination, administration, or calculation of claims; the payment or withholding of Taxes or Tax Expenses; or any losses incurred in connection therewith. In the event that any of the Settlement Fund remains after the conclusion of the claims process (that is, after payment of taxes and tax preparation fees, the expense of notice and administration, after payment of attorneys' fees and expenses as awarded by the Court, and after every participating Settlement Class Member who submits a valid claim to the claims administrator has received 100% of their claims plus interest), Defendants and Plaintiffs will jointly petition the Court for a *cy pres* allocation of the residual amount, if any. In the event that Defendants and Plaintiffs cannot agree on the proper recipient of any such *cy pres* award, the recipient will be selected by the Mediator, subject to ultimate Court approval.

6.8. No Person shall have any claim against Plaintiffs' Lead Counsel, Plaintiffs' Liaison Counsel, the Claims Administrator, or other entity designated by Plaintiffs' Lead Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court. No Person shall have any claim whatsoever against Defendants, Defendants' Counsel, and Defendants' Local Counsel, or any Released Persons arising from or related to any distributions made, or not made, from the Settlement Fund.

6.9. It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of

Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the Settlement, or any other orders entered pursuant to the Stipulation. Defendants will take no position with respect to any proposed Plan of Allocation or any such plan as may be approved by the Court.

## 7. **Attorneys' Fees and Reimbursement of Expenses**

7.1.    Plaintiffs' Lead Counsel may submit an application or applications for distributions to them from the Settlement Fund for: (a) an award of attorneys' fees; plus (b) expenses incurred in connection with prosecuting the Action, plus any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid), as may be awarded by the Court. Plaintiffs' Lead Counsel reserves the right to make additional applications for fees and expenses incurred.

7.2.    The attorneys' fees and expenses, as awarded by the Court, shall be paid to Plaintiffs' Lead Counsel from the Settlement Fund, as ordered, immediately after the Court executes an order awarding such fees and expenses notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof. Plaintiffs' Lead Counsel may thereafter allocate the attorney's fees among other plaintiff's counsel in a manner in which they in good faith believe reflects the contributions of such counsel to the initiation, prosecution and resolution of the Action. Each such plaintiff's counsel's law firm receiving fees and expenses, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this section 7.

21

7.3.    In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed, modified, or the Stipulation is canceled or terminated for any other reason, and in the event that the Fee and Expense Award has been paid to any extent, then Plaintiffs' Counsel, and all other counsel who received any allocation of attorney's fees and expenses, shall within five (5) business days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund the fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate(s) as earned on the Settlement Fund in an amount consistent with such reversal or modification.

7.4.    The procedure for and the allowance or disallowance by the Court of any applications by Plaintiffs' Lead Counsel for attorneys' fees and expenses, including the fees of experts and consultants, to be paid out of the Settlement Fund, are not part of the Settlement set forth in the Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceedings relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to, or serve as grounds for Plaintiffs to, terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Action.

7.5.    Defendants and their Related Parties shall have no responsibility for any payment of attorneys' fees and expenses to counsel for Plaintiffs over and above payment of the Full Settlement Amount.

7.6.    Defendants and their Related Parties shall have no responsibility for allocation among counsel for Plaintiffs, and/or any other Person who may assert a claim thereto, of any Fee and Expense Award that the Court may make in this Action.

## 8.    Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination

8.1.    Each of the Settling Parties shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other parties hereto within thirty days of (a) the Court's order declining to enter the Preliminary Approval Order in any material respect; (b) the Court's refusal to approve this Stipulation or any material part of it; (c) the Court's declining to enter the Judgment (or a judgment in a form other than that provided in Exhibit B ("Alternate Judgment") acceptable to all of the Settling Parties) in any material respect; (d) the date upon which the Judgment (or any Alternative Judgment entered as provided above) is modified or reversed in any material respect by the Court of Appeals or the Supreme Court of the United States.

8.2.    Defendants shall have the option to terminate the Settlement in the event that Persons which would otherwise be Settlement Class Members which purchased more than a certain number of shares of Bridgestone common stock during the Settlement Class Period choose to exclude themselves from the Settlement Class ("Opt-out Threshold"), as set forth in a separate agreement (the "Supplemental Agreement") executed among Plaintiffs and Defendants, which is incorporated into this Stipulation. The Opt-out Threshold may be disclosed to the Court for purposes of the approval of the Settlement, as may be required by the Court, but such disclosure shall be carried out to the fullest extent possible in accordance with the practice of the Court so as to maintain the Opt-out Threshold as confidential. In the event of a termination of

this Settlement pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect.

8.3.    Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within five (5) business days after written notification of such event is sent by counsel for Defendants or Plaintiffs' Lead Counsel, the Settlement Fund (including accrued interest), less any notice and administration expenses and costs, Taxes or Tax Expenses paid or payable from the Settlement Fund, shall be refunded by the Escrow Agent pursuant to written instructions from counsel for Defendants.  At the request of counsel for Defendants, the Escrow Agent or its designee shall apply for any tax refund owed to the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, to Defendants.

8.4.    In the event that the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Action as of September 10, 2007.  In such event, the terms and provisions of the Stipulation shall have no further force and effect with respect to the Settling Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*. No modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses and interest awarded by the Court to Plaintiffs' Lead Counsel shall constitute grounds for cancellation or termination of the Stipulation.

8.5.     If the Stipulation is terminated pursuant to its terms, neither the  Plaintiffs, nor any of their counsel shall have any obligation to repay any amounts paid or payable from Settlement Fund for notice and administration of the Settlement, Taxes or Tax Expenses.

**9.     Miscellaneous Provisions**

9.1.     The Settling Parties (a) acknowledge that it is their intent to consummate this Stipulation; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation, and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of the Stipulation.

9.2.     If a case is commenced in respect to any Defendant under Title 11 of the United States Code (Bankruptcy), or a trustee, receiver, or conservator is appointed under any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of the Settlement Fund, or any portion thereof, by or on behalf of such Defendant to be a preference, voidable transfer, fraudulent transfer or similar transaction, then, as to such Defendant, the releases given and Judgment entered in favor of such Defendant pursuant to this Stipulation shall be null and void.

9.3.     Each Defendant warrants and represents that it is not "insolvent" within the meaning of 11 U.S.C. §101(32) as of the time this Stipulation is executed.

9.4.     All agreements made and orders entered during the course of the Action relating to the confidentiality of information shall survive this Stipulation.

9.5.     Plaintiffs and their counsel agree to return, permanently delete, and/or destroy (and certify in writing that they have done so) any documents produced by Defendants and any third parties in the action (including, but not limited to, any copies, notes, summaries, *etc.* thereof) and any translations of any such documents, within thirty (30) days of the Effective Date.

25

9.6.	The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Action. The Settlement compromises claims which are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Judgment will contain a finding that during the course of the Action, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11. Defendants agree that the amount paid to the Settlement Fund and the other terms of the Settlement were negotiated in good faith by the Settling Parties, and reflect a Settlement that was reached voluntarily after consultation with competent legal counsel.

9.7.	Neither the Stipulation nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault, or omission of any of the Defendants in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal, whether within the United States or not.  Defendants may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

9.8.	This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the parties, it being recognized that it is the result of arm's-length negotiations

26

between the parties and that all parties have contributed substantially and materially to the preparation of this Stipulation.

9.9. All of the exhibits to the Stipulation are material and integral parts hereof and are fully incorporated by reference.

9.10. The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.11. The Stipulation and the exhibits attached hereto and the Supplemental Agreement constitute the entire agreement among the parties hereto and no representations, warranties or inducements have been made to any party concerning the Stipulation, its exhibits, or the Supplemental Agreement other than the representations, warranties and covenants contained and memorialized in such documents. Except as otherwise provided herein, each party shall bear its own costs.

9.12. Plaintiffs' Lead Counsel, on behalf of the Settlement Class, are expressly authorized by Plaintiffs to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Settlement Class that they deem appropriate.

9.13. Each counsel or other Person executing the Stipulation or any of its exhibits on behalf of any party hereto warrants that such Person has the full authority to do so.

9.14. The Stipulation may be executed in one or more counterparts, including by signature transmitted by facsimile or by e-mail in PDF format. All executed counterparts and each of them shall be deemed to be one and the same instrument.

27

9.15.   The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

9.16.   The parties agree that the Mediator shall retain jurisdiction over the settlement process, including resolving disputes regarding the Stipulation and related exhibits.

9.17.   All terms of this Stipulation and the exhibits hereto shall be governed by and interpreted according to the substantive laws of the State of Tennessee and without regard to its choice of law rules.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated as of December 28, 2007.

<<SIGNATURES ON FOLLOWING PAGE>>

COUNSEL FOR PLAINTIFFS:

_[signature]_

Michael J. Dowd
Jonah H. Goldstein
X. Jay Alvarez
Scott H. Saham
Matthew I. Alpert
COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058

Sandra Stein
COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
1845 Walnut Street, 25th Floor
Philadelphia, PA 19103
Telephone: (215) 988-9546

*Co-Lead Counsel for Plaintiffs*

George E. Barrett
Douglas S. Johnston, Jr.
Timothy L. Miles
BARRETT, JOHNSTON & PARSLEY
217 Second Avenue, North
Nashville, TN 37201-1601
Telephone: (615) 244-2202

*Plaintiffs' Liaison Counsel*

Stephen R. Basser
Samuel M. Ward
John L. Haeussler
BARRACK, RODOS & BACINE
402 West Broadway, Suite 850
San Diego, CA 92101
Telephone: (619) 230-0800

Leonard Barrack
Daniel E. Bacine
Jeffrey A. Barrack
William J. Ban
Lisa M. Lamb
Beth R. Targan
BARRACK, RODOS & BACINE
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-0600

*Co-Lead Counsel for Plaintiffs and Counsel*
*for Intervenor Plaintiff Iowa Public*
*Employees' Retirement System*

29

COUNSEL FOR PLAINTIFFS:

_____
Michael J. Dowd
Jonah H. Goldstein
X. Jay Alvarez
Scott H. Saham
Matthew I. Alpert
COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058

Sandra Stein
COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
1845 Walnut Street, 25th Floor
Philadelphia, PA 19103
Telephone: (215) 988-9546

*Co-Lead Counsel for Plaintiffs*

George E. Barrett
Douglas S. Johnston, Jr.
Timothy L. Miles
BARRETT, JOHNSTON & PARSLEY
217 Second Avenue, North
Nashville, TN 37201-1601
Telephone: (615) 244-2202

*Plaintiffs' Liaison Counsel*

Stephen R. Basser
Samuel M. Ward
John L. Haeussler
BARRACK, RODOS & BACINE
402 West Broadway, Suite 850
San Diego, CA 92101
Telephone: (619) 230-0800

Leonard Barrack
Daniel E. Bacine
Jeffrey A. Barrack
William J. Ban
Lisa M. Lamb
Beth R. Targan
BARRACK, RODOS & BACINE
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-0600

*Co-Lead Counsel for Plaintiffs and Counsel
for Intervenor Plaintiff Iowa Public
Employees' Retirement System*

29

COUNSEL FOR DEFENDANTS:

Thomas S. Kilbane
Joseph C. Weinstein
Roger M. Gold
Joseph P. Rodgers
SQUIRE, SANDERS & DEMPSEY L.L.P.
4900 Key Tower
127 Public Square
Cleveland, OH 44114
Telephone: (216) 479-8500

Steven A. Riley
Salvador M. Hernandez
RILEY WARNOCK & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
Telephone: (615) 320-3700

*Counsel for Defendant Bridgestone
Corporation*

Stephen J. Brogan
James E. Gauch
Geoffrey S. Irwin
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 879-3939

Hugh R. Whiting
JONES DAY
717 Texas Avenue, Suite 3300
Houston, TX 77002
Telephone: (832) 239-3939
Facsimile: (832) 239-3600

Colin P. Smith
HOLLAND & KNIGHT
131 South Dearborn Street
30th Floor
Chicago, IL 60603
Telephone: (312) 263-3600

James F. Sanders
A. Scott Ross
NEAL & HARWELL, PLC
150 Fourth Avenue North, Suite 2000
One Nashville Place
Nashville, TN 37219
Telephone: (615) 244-1713

*Counsel for Defendant Bridgestone
Firestone North American Tire LLC*

30

CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 22, 2008.

s/ JONAH H. GOLDSTEIN
JONAH H. GOLDSTEIN

COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail:JonahG@csgrr.com

# Mailing Information for a Case 3:01-cv-00017

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Matthew Isaac Alpert**
  malpert@csgrr.com

- **X. Jay Alvarez**
  jaya@csgrr.com

- **Daniel E. Bacine**
  dbacine@barrack.com

- **William J. Ban**
  wban@barrack.com

- **Jeffrey A. Barrack**
  jbarrack@barrack.com,mgades@barrack.com,mbonatara@barrack.com

- **Leonard Barrack**
  lbarrack@barrack.com

- **George Edward Barrett**
  gbarrett@barrettjohnston.com

- **Stephen R. Basser**
  sbasser@barrack.com

- **Philip Calabrese**
  pcalabrese@ssd.com,cle_dckt@ssd.com,smishic@ssd.com

- **Brian D. Cummings**
  brian@gideonwiseman.com

- **Michael J. Dowd**
  miked@csgrr.com,christinas@csgrr.com

- **James Ernest Gauch**
  jegauch@jonesday.com

- **Roger M. Gold**
  rgold@ssd.com

- **Jonah H. Goldstein**
  jonahg@csgrr.com,e_file_sd@csgrr.com

- **John L. Haeussler**

32

jhaeussler@barrack.com

- **Salvador M. Hernandez**
  shernandez@rwjplc.com,dgibby@rwjplc.com,cmccloyn@rwjplc.com

- **Danielle M. Hohos**
  dmhohos@jonesday.com

- **Geoffrey S. Irwin**
  gsirwin@jonesday.com,jrorina@jonesday.com

- **John R. Jacobson**
  jjacobson@rwjplc.com,began@rwjplc.com

- **Douglas S. Johnston , Jr**
  djohnston@barrettjohnston.com

- **Thomas S. Kilbane**
  tkilbane@ssd.com,jobenauer@ssd.com,cle_dckt@ssd.com

- **Charles T. Kotuby , Jr**
  ctkotubyjr@jonesday.com

- **Lisa M. Lamb**
  llamb@barrack.com

- **Timothy L. Miles**
  tmiles@barrettjohnston.com

- **Keith F. Park**
  keithp@csgrr.com

- **Steven Allen Riley**
  sriley@rwjplc.com,cbaber@rwjplc.com

- **Joseph P. Rodgers**
  jrodgers@ssd.com

- **A. Scott Ross**
  sross@nealharwell.com,pdickens@nealharwell.com

- **Scott H. Saham**
  scotts@csgrr.com

- **James Franklin Sanders**
  jsanders@nealharwell.com

- **Colin P. Smith**
  colin.smith@hklaw.com

3 3

- **Beth R. Targan**
  btargan@barrack.com

- **Russell J. Upton**
  rjupton@jonesday.com

- **Samuel M. Ward**
  sward@barrack.com,gdiaz@barrack.com

- **Joseph C. Weinstein**
  jweinstein@ssd.com

- **Hugh R. Whiting**
  hrwhiting@jonesday.com

- **Thomas Anderton Wiseman , III**
  tom@gideonwiseman.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Randi D. Bandman
Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP
100 Pine Street
Suite 2600
San Francisco, CA 94111

Stephen J. Brogan
Jones Day
51 Louisiana Avenue, NW
Washington, DC 20001

William S. Lerach
Coughlin, Stoia, Geller, Rudman & Robbins, LLP
655 W Broadway
Suite 1900
San Diego, CA 92101
```

3 4

Served by first-class U.S. Mail:

Antonia B. Ianniello
Johnna B. Dumler
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, DC  20036-1795

Sandra Stein
Coughlin Stoia Geller Rudman & Robbins LLP
1845 Walnut Street, Suite 945
Philadelphia, PA  19103-4708

3 5

1/22/2008