UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | | |
|---|---|---|
| In re BRIDGESTONE SECURITIES LITIGATION | ) ) ) | Master File No. 3:01-0017 (Consolidated cases) |
| This Document Relates To: | ) ) ) | CLASS ACTION |
| ALL ACTIONS. | ) ) ) | Judge Robert Echols Magistrate Judge John S. Bryant |
| | ) | [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |

WHEREAS, a consolidated action is pending before this Court styled *In re Bridgestone Securities Litigation*, Master File No. 3:01-cv-0017 (the "Action");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order approving the Settlement of this Action, in accordance with a Stipulation of Settlement dated as of December 28, 2007 (the "Stipulation"), which, together with the exhibits annexed thereto set forth the terms and conditions for a proposed Settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the exhibits annexed thereto; and

WHEREAS, all defined terms herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Final Approval Hearing described below.

2.      A hearing (the "Final Approval Hearing") shall be held before this Court on January 23, 2009, at 9:00 a.m., at the United States District Court for the Middle District of Tennessee, Nashville Division, Estes Kefauver Federal Building and United States Courthouse, Room 874, 801 Broadway, Nashville, Tennessee, 37203 to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; whether a Judgment as provided in ¶1.20 of the Stipulation should be entered; whether the proposed Plan of Allocation should be approved; and to determine any amount of fees and expenses that should be awarded to Plaintiffs' Lead Counsel and reimbursement of expenses to Lead Plaintiff and Intervenor Plaintiff.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies solely for purposes of effectuating this Settlement a Settlement Class defined as all purchasers of Bridgestone publicly traded common stock and/or ADRs during the period from and including

March 30, 2000 to August 31, 2000 and who were damaged thereby. Excluded from the Settlement Class are Defendants, any entity in which the Defendants have a controlling interest or that is a parent or subsidiary of or is controlled by the Defendants, Defendants' officers, directors, and employees, including any person who was an officer, director, or employee during the Settlement Class Period, affiliates, legal representatives, heirs, predecessors, successors and/or assigns. Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class.

4.       The Court finds, solely for the purposes of the Settlement, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual question; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs and their counsel have fairly and adequately represented and protected the interests of Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5.       Certification of the Settlement Class for purposes of the Settlement shall not constitute certification of the Settlement Class for any other purposes.

6.       The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim, and Summary Notice annexed as Exhibits A-1, A-2, and A-3 hereto, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, §21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7) as amended by the Private Securities Litigation

Reform Act of 1995, and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

7.     The Court appoints the firm of Heffler, Radetich & Saitta, LLP ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a)     Within fourteen (14) days of the signing of this Order, the Claims Administrator shall obtain from Vicker's Stock Research Corp. and The Depository Trust Company ("CEDE") a listing identifying either Settlement Class Members or institutions that held Bridgestone common stock or ADRs for Settlement Class Members who purchased such securities during the Settlement Class Period.  The Claims Administrator shall, within ten (10) days after the receipt of such lists, mail a copy of the Notice and the Proof of Claim, substantially in the form annexed as Exhibits A-1 and A-2 hereto, by first-class mail to all persons or institutions on such lists as well as the 300 plus brokerage firms, banks or other nominees that appear on the proprietary list that has been generated by the Claims Administrator.  The Notice and Proof of Claim sent to Settlement Class Members residing in Japan shall be translated into Japanese by a translator mutually agreeable to the parties.

(b)     Not later than ten (10) days after the Notice Date (*i.e.*, twenty-four (24) days from the date of this Order), Plaintiffs' Lead Counsel or the Claims Administrator shall cause the Summary Notice to be published in the following publications: Wall Street Journal Global Edition, The Asahi Shimbun, The Nikei Business Daily, The Nihon Keizai Shimbum, The Japan Times, The Nikei Financial Daily and The PR Newswire on the Asian General media and the United States. Summary Notices published in Japanese publications shall be translated into Japanese by a translator mutually agreeable to the parties.

(c)     A least seven (7) days prior to the Final Approval Hearing, Plaintiffs' Lead Counsel shall serve on Defendants' Counsel and file with the Court, by affidavit or declaration, proof of such mailing of the Notice and publishing of the Summary Notice.

8.     In addition, not later than ten (10) days after the Notice Date, Plaintiffs' Lead Counsel shall issue a press release in both English and Japanese, approved by the Court and Defendants' Counsel, announcing the commencement of the notice program.

9.     As soon as practicable after entry of this Order, the following shall be posted on a website to be managed by the Claims Administrator: (i) a neutral press release in both English and Japanese approved by the Court announcing the commencement of the notice program; and (ii) English and Japanese versions of the Notice, Summary Notice, Proof of Claim, and the Stipulation of Settlement.   The Claims Administrator will also maintain a toll-free number to provide information for Settlement Class Members.

10.     Nominees who purchased Bridgestone publicly traded common stock and/or ADRs during the Settlement Class Period for the beneficial ownership of another Person shall, if accurate identification can be made through reasonable effort, send the Notice and the Proof of Claim to the beneficial owners of Bridgestone publicly traded common stock and/or ADRs; within twenty (20) days after receipt thereof, or, insofar as it is permissible to do so under the law of country in which the nominee resides and if such a list exists or can be compiled, send a list of the names and addresses of such beneficial owners to the Claims Administrator within twenty (20) days of receipt thereof in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners.   Additional copies of the Notice and Proof of Claim shall be made available to nominees requesting them for the purpose of distribution to beneficial owners. Nominees who elect to send the Notices and Proofs of Claim to beneficial owners shall do so within twenty (20) days of receiving additional copies of the Notices and Proofs of Claim for such purpose

and shall promptly send a statement to the Claims Administrator confirming that the mailing was made as directed. Any lists of the names and addresses of beneficial owners provided to the Claims Administrator shall be kept confidential by the Claims Administrator and/or Plaintiffs' Counsel. Plaintiffs' Lead Counsel shall, if requested, reimburse from out of the Settlement Fund banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Settlement Class Members, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

11. All fees, costs, and expenses incurred in identifying and notifying Members of the Settlement Class shall be paid from the Settlement Fund and in no event shall Defendants bear any responsibility for such fees, costs, or expenses.

12. All Members of the Settlement Class shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

13. Settlement Class Members who wish to participate in the Settlement shall complete and submit the Proof of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be submitted no later than one hundred and eighty (180) days from the Notice Date. Any Settlement Class Member who does not timely submit a Proof of Claim within the time provided shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any Final Judgment entered by the Court. Notwithstanding the foregoing, Plaintiffs' Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Settlement Fund is not materially delayed thereby.

14. Any Member of the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Plaintiffs' Lead Counsel.

15. Pending final determination of whether the Settlement should be approved, neither the Plaintiffs nor any Settlement Class Member, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims.

16. Any Person falling within the definition of the Settlement Class may, upon request, be excluded or "opt out" from the Settlement Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than December 22, 2008 (*i.e.* sixty (60) days after the Notice Date). A Request for Exclusion must be signed and state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's purchases and sales of Bridgestone publicly traded common stock and/or ADRs during the Settlement Class Period, including the dates, the number of shares of Bridgestone publicly traded common stock and/or ADRs purchased, and price paid or received for each such purchase or sale; and (c) that the Person wishes to be excluded from the Settlement Class. All Persons which submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Settlement Fund, and shall not be bound by the Stipulation or the Final Judgment.

17. Plaintiffs' Lead Counsel shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, as expeditiously as possible and in any event within no more than ten (10) days after the postmark deadline for submitting Requests for Exclusion.

18.     Any Member of the Settlement Class may appear at the Final Approval Hearing and

show cause, if he, she, or it has any reason why the proposed Settlement of the Action should not be

approved as fair, reasonable and adequate, or why a Judgment should not be entered thereon, why

the Plan of Allocation should not be approved, why attorneys' fees and expenses should not be

awarded to counsel for the Plaintiffs; provided, however, that no Settlement Class Member or any

other Person shall be heard or entitled to contest the approval of the terms and conditions of the

proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the

order approving the Plan of Allocation, or any attorneys' fees and expenses to be awarded to counsel

for Plaintiffs, unless that Person has served on the following counsel (delivered by hand or mailed)

written objections and copies of any papers and briefs in support thereof on or before December 22,

2008 (*i.e.* sixty (60) days after the Notice Date):

| | |
|---|---|
| Counsel for Plaintiffs | Jonah H. Goldstein<br>COUGHLIN STOIA GELLER RUDMAN<br>    & ROBBINS LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101<br><br>Stephen R. Basser<br>BARRACK, RODOS & BACINE<br>402 West Broadway, Suite 850<br>San Diego, CA 92101<br><br>Daniel E. Bacine<br>BARRACK, RODOS & BACINE<br>3300 Two Commerce Square<br>2001 Market Street<br>Philadelphia, PA 19103 |
| Counsel for Defendants | Thomas S. Kilbane<br>Joseph C. Weinstein<br>SQUIRE, SANDERS & DEMPSEY L.L.P.<br>4900 Key Tower<br>127 Public Square<br>Cleveland, OH  44114<br><br>Stephen J. Brogan<br>James E. Gauch |

| | JONES DAY<br>51 Louisiana Avenue, N.W.<br>Washington, D.C. 20001 |
|---|---|

The written objections and copies of any papers and briefs in support thereof shall also be filed with the Clerk of the United States District Court, Middle District of Tennessee, Nashville Division on or before December 22, 2008 (*i.e*. sixty (60) days after the Notice Date). Any objection must contain a written notice of the grounds for opposing the Settlement, Plan of Allocation, or application for attorneys' fees and expenses, and must demonstrate the objecting Person's membership in the Settlement Class by including: (a) the objecting Person's name, address, and telephone number; (b) formal proof of the number of shares of Bridgestone publicly traded common stock and/or ADRs purchased and sold during the Settlement Class Period by the objecting Person; and (c) a statement of the reasons for objection. Persons who intend to object to the Settlement, Plan of Allocation and/or counsel's application for an award of attorneys' fees and expenses, and desire to present evidence at the Final Approval Hearing must also include in their written objections the identity of any witness they may call to testify and any exhibits they intend to introduce into evidence at the Final Approval Hearing. If any objection is prepared in a foreign language, Plaintiffs' Lead Counsel shall promptly arrange for translations into English and disseminate copies to the Court, and Defendants' Counsel. The translator shall be mutually agreeable to the parties.

19.      In the event that a Settlement Class Member timely and properly files and serves a written objection, Plaintiffs' Lead Counsel and/or Defendants' Counsel may file and serve materials responding to any such objection on or before January 6, 2009 (*i.e.*, seventy-five (75) days after the Notice Date). Any Member of the Settlement Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement (as incorporated

in the Stipulation), the Plan of Allocation, and any award of attorneys' fees and expenses to Plaintiffs' Lead Counsel, unless otherwise ordered by the Court.

20.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

21.     All papers in support of the Settlement, the Plan of Allocation, and the application by Plaintiffs' Lead Counsel for attorneys' fees or reimbursement of expenses shall be filed and served no later than thirty (30) days after the Notice Date.

22.     Neither Defendants nor their Related Parties shall have any responsibility for the Plan of Allocation or any application for reimbursement of attorneys' fees or reimbursement of expenses submitted by Plaintiffs' Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

23.     At or after the Final Approval Hearing, the Court shall determine whether the Plan of Allocation proposed by Plaintiffs' Lead Counsel, and any application for attorneys' fees or reimbursement of expenses should be approved.

24.     All reasonable expenses incurred in identifying and notifying Settlement Class Members as well as administering the Settlement Fund shall be paid as set forth in the Stipulation. In the event the Court does not approve the Settlement, or it otherwise fails to become effective, neither Plaintiffs nor any of their counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶2.7 or ¶2.8 of the Stipulation.

25.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.

26.     The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

IT IS SO ORDERED.


DATED:  September 30, 2008

HONORABLE ROBERT L. ECHOLS
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

S:\Settlement\Bridgestone.set\Revised Documents Per Court Order\REVISED Proposed Preliminary Approval Order.doc