UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | | |
|---|---|---|
| In re BRIDGESTONE SECURITIES LITIGATION | ) ) ) | Master File No. 3:01-0017 (Consolidated cases) |
| ———————————————— | ) | CLASS ACTION |
| This Document Relates To: | ) ) ) | Judge Robert Echols Magistrate Judge John S. Bryant |
|     ALL ACTIONS. | ) ) | [~~PROPOSED~~] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |
| ———————————————— | ) | |

1.     This matter came before the Court for hearing pursuant to the Order of this Court, dated September 30, 2008, on the application of the parties for approval of the Settlement set forth in the Stipulation of Settlement dated as of December 28, 2007 (the "Stipulation"). Due and adequate notice having been given to the Settlement Class as required in the Court's Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

2.     This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation.

3.     This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Members of the Settlement Class.

4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this Action, for purposes of settlement only, as a class action defined as all purchasers of Bridgestone publicly traded common stock and/or American Depositary Receipts ("ADRs") during the period from and including March 30, 2000 to August 31, 2000 and who were damaged thereby. Excluded from the Settlement Class are Defendants, any entity in which the Defendants have a controlling interest or that is a parent or subsidiary of or is controlled by the Defendants, Defendants' officers, directors, and employees, including any person who was an officer, director, or employee during the Settlement Class Period, affiliates, legal representatives, heirs, predecessors, successors and/or assigns. Also excluded from the Settlement Class are those Persons which timely and validly requested exclusion from the Settlement Class, who are identified in Exhibit 1, attached hereto.

5.     With respect to the Settlement Class, this Court finds and concludes that: (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Settlement

Class which predominate over any individual question; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs and their counsel have fairly and adequately represented and protected the interests of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Settlement Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class, (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the class action.

6.      Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settling Parties. The Court further finds that the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties. Accordingly, the Settlement embodied in the Stipulation is hereby finally approved in all respects. The Settling Parties are hereby directed to perform its terms.

7.      Except as to any individual claim of those Persons (identified in Exhibit 1 hereto) which have validly and timely requested exclusion from the Settlement Class, the Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as to Plaintiffs and the other Members of the Settlement Class, and as against the Released Parties. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

8.      Upon the Effective Date, Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Claims against the Released Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim.

- 2 -

9.      Upon the Effective Date, Plaintiffs and all Settlement Class Members and anyone claiming through or on behalf of any of them, are forever barred and enjoined from commencing, instituting or continuing to prosecute any action or any proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind (whether within the United States or not) any of the Released Claims against any of the Released Parties.

10.     Upon the Effective Date, each of the Released Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Plaintiffs, Settlement Class Members, and counsel to Plaintiffs from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Action.

11.     The Notice of Pendency of Class Action, Proposed Settlement, Motion for Attorneys' Fees and Final Approval Hearing given to the Settlement Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Settlement Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, §21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law.

12.     Neither the Plan of Allocation submitted by Plaintiffs' Lead Counsel nor any order entered regarding any attorneys' fee and expense application shall in any way disturb or affect this Final Judgment; both of which shall be considered separate from this Final Judgment.

13. Neither the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a) Offered in evidence as proof of liability or a presumption, concession or an admission by any of the Released Parties of the truth of any fact alleged or the validity of any claim that has been, could have been or in the future might be asserted in the Action or otherwise against the Released Parties, or of any purported liability, fault, wrongdoing or otherwise of the Released Parties; or

(b) Offered in evidence as proof of a presumption, concession or an admission of any purported liability, wrongdoing, fault, misrepresentation or omission in any statement, document, report or financial statement heretofore or hereafter issued, filed, approved or made by any of the Released Parties or otherwise referred to for any other reason, other than for the purpose of and in such proceeding as may be necessary for construing, terminating or enforcing the Stipulation; or

(c) Construed as a concession or an admission that the Defendants engaged in any wrongdoing whatsoever or that Plaintiffs or the Settlement Class Members have suffered any damage; or

(d) Construed as or received in evidence as an admission, concession or presumption against Plaintiffs or the Settlement Class Members, or any of them, that any of their claims are without merit or that damages recoverable in the Action would not have exceeded the Full Settlement Amount.

14. Defendants may file the Stipulation and/or the Judgment from this Action in any other action that may be brought against them in order to support a defense or counterclaim based on

- 4 -

principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion, or similar defense or counterclaim.

15.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; and (c) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

16.     The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

17.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Settlement Fund, or any portion thereof, is returned to Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

18.     There is no just reason for delay in the entry of this Final Judgment and Order and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

19.     Judgment shall be, and hereby is, entered dismissing the Action with prejudice, on the merits, and without taxation of costs in favor of or against any party.

IT IS SO ORDERED.

DATED January 23, 2009

THE HONORABLE ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

S:\Settlement\Bridgestone.set\JGT FINAL 00056620.doc

**EXHIBIT 1**

AS OF JANUARY 6, 2009, NO REQUESTS

FOR EXCLUSION HAVE BEEN RECEIVED